Mr. Justice Figueras did not sit at the hearing in this case.

---

DELGADO ET AL. *v.* LECAROZ & CO.

APPEAL from the District Court of Arecibo.

No. 78.—Decided December 7, 1903.

INSOLVENCY—AGREEMENT WITH CREDITORS—PREFERRED CREDITORS.—An agreement entered into judicially between an insolvent debtor and his creditors, whereby the latter agree to allow the former a certain period of time for the payment of his debts, is not binding upon a creditor who refuses to participate in the meeting at which such agreement is effected, where no opposition is made to the action taken in accordance with law, and where such creditor is deemed a preferred creditor by virtue of having taken steps within the legal period to protect his claim in the appropriate judicial proceeding.

ID.—When an agreement entered into by an insolvent debtor with his creditors is not opposed within the legal period, the creditors who were present at and participated in the meeting at which said agreement was effected, are bound by the decision of the majority.

ID.—COMMERCIAL FIRMS IN LIQUIDATION— PERSONALITY THEREOF.—The personality of commercial associations continues in force, after dissolution, for purposes of their liquidation, and, therefore, the personality of their representative appointed for such purpose likewise continues in force after said dissolution.

STATEMENT OF THE CASE.

This is a case of voluntary insolvency proceedings and request for a respite instituted by Andrés Avelino Delgado in the abolished court of first instance of Utuado, and afterwards continued in the District Court of Arecibo, which case is pending before us on appeal in cassation for error of procedure and error of law, taken by the creditor Francisco Abreu, through his counsel Elpidio de los Santos y Laguardia, from the order made by aforesaid court of first instance, and which, literally transcribed, reads as follows:

"Order of approval:—In the city of Utuado, March 23, 1899. The hearing was had before Salvador Picornell y Cardona, judge of first in-

Buitrago solicitando espera de sus acreedores, pretensión que formuló y presentó el 10 de Febrero último.

*Resultando:* que señalado día para la junta y citados legalmente todos los acreedores relacionados, se celebró aquel acto el 28 de Febrero último, acordándose por la mayoría concurrente conceder al deudor la espera de diez años para el pago total de sus créditos que realizará por décimas partes en el mes de Enero de cada año, á partir del venidero de 1900, sin interés de ningún género.

*Resultando:* que los Sres. Lecaroz y Ca., del comercio de Lares, por conducto de su procurador Don Antonio Suliveres, promovió y tiene pendiente ante este Juzgado autos ejecutivos contra el deudor, Sr. Delgado, en cobro de catorce mil setecientos noventa y un pesos sesenta y nueve centavos, por cuya suma se decretó embargo preventivo contra los bienes del deudor con más dos mil pesos para intereses y costas en 6 de Enero retro-próximo, realizándose el secuestro por medio de anotación en el Registro de la Propiedad de Arecibo, previas las formalidades legales en 7 del mismo mes de Enero.

*Resultando:* que ese embargo fué ratificado por la presentación de la demanda ejecutiva correspondiente, que se presentó en 10 de Febrero último, despachándose la ejecución en 28 del mismo Febrero, que se llevó á cabo en 1 de Marzo corriente.

*Resultando:* que el mencionado Procurador Suliveres, fundado en que sus mandantes Lecaroz y Ca., por tener anotado en el Registro de la Propiedad el embargo secuestro de que habla el segundo hecho de esta resolución, y además porque sus comitentes en esa razón no concurrieron á la Junta, insta que se les declare acreedores privilegiados á los efectos de la aprobación del convenio celebrado entre el deudor y sus acreedores y por tanto que la aprobación de ese convenio no les obliga á estar y pasar por él.

*Considerando:* que si bien los Sres. Lecaroz y Ca. fueron citados como acreedores para la Junta celebrada, se abstuvieron de concurrir á aquél acto, de donde resulta que no tomaron parte en la deliberación y votación, y que dentro del término de oposición han acudido solicitando se les reconozca el derecho de abstención y acreedor privilegiado para no ser obligado por el convenio de aquella Junta; dándose así los requisitos que el derecho constituido fija para obtener esa declaratoria; y además que concurren en ellos la especial circunstancia de tener su crédito preventivamente anotado en el Registro de la Propiedad; en virtud de mandamiento judicial resultante de embargo preventivo en derecho ratificado, y cuya anotación es de fecha anterior por más de 48 horas á la solicitud de espera.

*Considerando:* que transcurridos los diez días dentro de los cuales pudo y debió formalizarse oposición por los acreedores que concurrieron á la Junta, deliberaron y votaron la espera sin que la formalizaran, lo acordado en aquel

stance for said city and for the district thereof, in these proceedings instituted by Andrés A. Delgado y Abreu, and in his name, having the necessary power of attorney, Carlos B. Buitrago, who requested a respite from his creditors, which request was formulated and presented on the 10th ultimo.

"A day was set for the meeting and all the listed creditors being duly summoned to appear, the same was held on February 28, 1899, when a majority of the creditors present agreed to allow the debtor an extension of ten years for the payment in full of all his debts, the same to be made in installments of one-tenth thereof payable in January of each year, beginning with 1900, without interest of any kind.

"Lecaroz & Co., doing business in Lares, instituted, through their solicitor, Antonio Suliveres, and has pending before the court, an executory action against the debtor, Delgado, for the recovery of fourteen thousand seven hundred and ninety-one *pesos* and sixty-nine *centavos*, for which sum an attachment was issued on January 6, 1899, upon the property of the debtor, besides two thousand *pesos* for interest and costs, the sequestration being carried into effect through a notice entered on the 7th of the said month of January, in the Registry of Property of Arecibo, after complying with all the legal requirements.

"Said attachment was ratified by the institution of the proper executory action, on February 10, 1899, the writ of execution being issued on the 28th of the same month and carried into effect on March 1, 1899.

"Aforesaid solicitor, Suliveres, alleging that inasmuch as his principals, Lecaroz & Co., had entered at the Registry of Property the attachment and sequestration hereinbefore mentioned, and had, moreover, for this reason abstained from attending the meeting of creditors, requested that they be declared preferred creditors for purposes of the approval of the agreement entered into between the debtor and his creditors, and, consequently, that the approval of said agreement does not obligate them to abide by the terms thereof.

"Although Lecaroz & Co. were summoned as creditors to be present at the meeting, they abstained from attending the same, from which it appears that they took no part in the deliberation and voting, but within the term prescribed for opposition, asked that their right of abstention, and as preferred creditors, be recognized, so as not to be bound by the agreement entered into at the meeting, thus complying with the requirements provided by law for the purpose of obtaining such a declaration; they, moreover, having in their favor the cautionary notice of their credit entered in the Registry of Property by virtue of a judicial order resulting from a cautionary attachment, ratified according to law, and the entry whereof antedates by more than forty-eight hours the petition for respite.

"The ten days having elapsed within which the opposition could and

acto obliga á los que en él intervinieron á estar y pasar por el acuerdo de la mayoría.

*Vistos* los artículos 1917 y 1923 del Código Civil y 1142 y 1149 de la Ley de Enjuiciamiento Civil.   Digo que debía mandar y mando se lleve á efecto lo convenido entre el deudor Don Andrés A. Delgado y Abreu y sus acreedores, consistente en concederle diez años para el pago de sus créditos por décimas partes, sin intereses desde Enero de 1900, declarando que deben estar y pasar por él los acreedores no excluidos; y asimismo que esta declaración no obliga á los Sres. Lescaroz y Ca. en cuanto al convenio, porque éstos pertenecen á los excluidos en razón de tener crédito privilegiado por la anotación que oportuna y anticipadamente obtuvieron del mismo en el Registro de la Propiedad y la abstención de concurrir y votar en la Junta celebrada.   Antes de la firma se declara que la cifra que en el tercer renglón de esta página se lee, debe entenderse así: "1900".—Así lo pronunció, mandó y firmó ante mí, de que doy fé.—Salvador Picornell Cardona".

*Resultando:* que contra este auto interpuso la representación del acreedor, Don Francisco Abreu, recurso de casación por quebrantamiento de forma é infracción de ley, que no le fué admitido; é interpuso el de queja, y declarado con lugar por este Tribunal Supremo, se admitió el de casación propuesto, y elevados los autos á esta Superioridad con citación y emplazamiento de las partes, personadas éstas, se substanció el recurso por quebrantamiento de forma, con celebración de la vista, en cuyo estado, en cumplimiento de la Ley de 12 de Marzo último convirtiendo esta Corte Suprema en Tribunal de Apelación, se dejó sin efecto la vista celebrada, y se entregaron los autos á las partes para instrucción; y devueltos que fueron se señaló día para la celebración de la nueva vista, á cuyo acto concurrieron los Abogados defensores de las partes.

Abogados del apelante: *Sres. Diaz y Texidor.*

Abogado de los apelados Sres. Lecaroz y Ca.: *Sr. López Landrón.*

La otra parte apelada no compareció.

El Juez Presidente Sr. Quiñones, después de exponer los hechos anteriores, emitió la siguiente opinión del Tribunal;

should have been made by the creditors present at the meeting who discussed and approved the granting of a respite without making such opposition, the resolution adopted by a majority of those present at the meeting is binding upon all those who participated therein.

"In view of articles 1917 and 1923 of the Civil Code, and 1142 and 1149 of the Law of Civil Procedure, I say that I should order and do order that the agreement entered into between the debtor, Andrés A. Delgado y Abreu, and his creditors, consisting in allowing said debtor ten years for the payment of his debts, by yearly installments of the tenth part thereof, without interest, to begin from January, 1900, be complied with, and declare that creditors not excluded must abide by said agreement; and I do further declare that this decision does not bind Lecaroz & Co., so far as the agreement is concerned, because they belong to the excluded class, their credit being preferred by reason of the record thereof, in due time made at the Registry of Property, and because of the fact that they abstained from attending and voting at the meeting of creditors. Before signing it is stated that the figures in the third line of this page should read: 'one thousand nine hundred.' Thus was it adjudged, ordered and signed before me, to which I certify.—Salvador Picornell Cardona."

From this decision counsel for the creditor, Francisco Abreu, took an appeal in cassation for error of procedure and error of law, which was not allowed, whereupon he resorted to the remedy of complaint, which being sustained by this Supreme Court, the proposed appeal in cassation was allowed. The record having been forwarded to this court after citation of the parties, upon their appearance the appeal for error of procedure was heard. At this stage of the proceedings, in compliance with the act of March 12, 1903, converting this Supreme Court into a court of appeals, the hearing had was left without effect, and the record was then delivered to the parties for their information, and upon the return thereof a day was set for the new hearing, counsel for the parties being present.

*Messrs. Díaz* and *Texidor*, for appellant.

*Mr. López Landrón,* for the respondents Lecaroz & Co.

The other respondent did not appear.

Mr. Chief Justice Quiñones, after making the above statement of facts, delivered the opinion of the court as follows:

*Aceptando* los fundamentos de hecho y de derecho del auto apelado.

*Considerando, además*, que no son de estimarse ningunas de las infracciones de forma alegadas por la representación del recurrente, Don Francisco Abreu, pues no habiendo promovido el Procurador, Don Antonio Suliveres, á nombre de Lecaroz y Ca., incidente alguno que debiera substanciarse á tenor de lo dispuesto en la Sección correspondiente de la Ley de Enjuiciamiento Civil, no han existido términos hábiles para que hubieran podido cometerse las infracciones comprendidas en los número 1, 3, 4, 5 y 6 del artículo 1691 de la citada Ley de Enjuiciamiento Civil en que se fundaba el recurso y que se reprodujeron después, en el acto de la segunda vista de este asunto, por el Abogado defensor de la parte recurrente.

*Considerando:* que tampoco es de estimarse la falta de personalidad del Procurador Don Antonio Suliveras para llevar la representación de Lecaroz y Ca., que es otra de las faltas alegadas por el recurrente; pues si bien con arreglo al artículo 9 de la Ley de Enjuiciamiento Civil la representación de los procuradores, cuando éstos existían, cesaba, entre otras causas, "por haberse terminado la personalidad con que litigaba su poderdante", no puede sostenerse que se hubiera extinguido la personalidad de Lecaroz y Ca., cuando el citado Procurador se personó á su nombre en el concurso para solicitar que se les declarara excluídos del convenio celebrado entre el deudor y sus acreedores, pues aún cuando había expirado ya el término señalado para su duración y ser ésta una de las causas que producen la disolución de las sociedades mercantiles, su personalidad, no obstante, continuaba vigente para todos los efectos de la liquidación de la sociedad, uno de los cuales es precisamente el de realizar los créditos pendientes á favor de la Compañía; y si la personalidad de la sociedad continuaba vigente para este fin, lógico es deducir que continuara también vigente la personalidad del Procurador que con el mismo objeto llevaba su representación en el concurso.

*Considerando:* en cuanto al fondo de la cuestión, que tampoco se ha cometido error al declararse que Lecaroz y

The findings of fact and conclusions of law contained in the decision appealed from are accepted.

None of the errors of procedure alleged by counsel for appellant, Francisco Abreu, can be considered, for, inasmuch as Solicitor Suliveres has not raised, on behalf of Lecaroz & Co., any incidental issue which should be determined as prescribed by the corresponding section of the Law of Civil Procedure, the violations included under paragraphs 1, 3, 4, 5 and 6 of article 1691 of aforesaid Law of Civil Procedure, upon which the appeal is based, and which were afterwards renewed at the second hearing of this case by counsel for appellant, could not have been committed.

Nor can the lack of capacity of Solicitor Suliveres to represent Lecaroz & Co., which is another of the exceptions pleaded by appellant, be considered, for although under article 9, of the Law of Civil Procedure, the representation of solicitors, when such office existed, ceased, among other causes, "when the character in which the principal appeared in the action has ceased", it cannot be maintained that the personality of Lecaroz & Co. had ceased when aforesaid solicitor appeared on their behalf at the meeting of creditors for the purpose of requesting that they be declared excluded from the agreement arrived at between the debtor and his creditors, because, although the term fixed for the duration thereof had expired, which is one of the causes which produce the dissolution of commercial firms, their personality nevertheless continued to exist for all the purposes of the liquidation of the firm, one of which purposes is, in fact, the collection of the debts outstanding in favor of the firm, and if the personality of the firm continued to exist for this purpose, it is logical to infer that the personality of the solicitor, who for the same purpose represented the firm, at the meeting, likewise continued to exist.

As to the substance of the question, no error was committed in declaring that Lecaroz & Co. were not bound by

Ca. no estaban obligados á estar y pasar por el convenio celebrado ante el deudor Don Andrés A. Delgado y sus acreedores; pues habiéndose obtenido antes de la celebración de la Junta un embargo preventivo sobre los bienes del deudor, anotado en el Registro de la Propiedad, y habiéndose abstenido de concurrir á la Junta, con lo cual es visto que se abstuvieron de tomar parte en las deliberaciones de la misma sobre el convenio, no estaban obligados á pasar por los acuerdos de la mayoría, en consonancia còn lo dispuesto por el artículo 1138 de la Ley de Enjuiciamiento Civil y el 1917, en relación con el 1923 del antiguo Código Civil, que es el aplicable al caso que se ventila en estos autos.

*Considerando*, por tanto, que no habiéndose quebrantado ninguna de las formas esenciales del juicio, ni incurrídose en ningún otro error substancial, procede la confirmación del auto apelado.

*Fallamos:* que debemos confirmar y confirmamos el auto apelado de 23 de Marzo de 1899, con las costas al apelante.

Jueces concurrentes: Sres. Sulzbacher y MacLeary.

Los Jueces Asociados Sres. Hernández y Figueras no formaron Tribunal en la vista de este caso.

the agreement made between the debtor, Andrés A. Delgado, and his creditors; for having secured, before the meeting of creditors was held, an attachment upon the debtor's property, duly entered at the Registry of Property, and having abstained from attending the meeting, and thereby abstained from taking part in the deliberations thereof with respect to the agreement arrived at, they are not bound by the action taken by the majority, according to the provisions of article 1138 of the Law of Civil Procedure and 1917, in connection with 1923 of the old Civil Code, which is the one applicable to the matter in litigation.

Therefore, none of the essential forms of the trial having been violated, nor any material error committed, the order appealed from should be affirmed.

We adjudge that we should affirm and do affirm the order of March 23, 1899, appealed from, with costs against appellant.

Justices Sulzbacher and MacLeary concurred.

Mr. Justice Hernández and Mr. Justice Figueras did not sit at the hearing of this case.